USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT __________ No. 93-1898 UNITED STATES, Appellee, v. MICHAEL B. LONDON, Defendant, Appellant _______ Before Torruella, Chief Judge, ___________ Coffin and Bownes, Senior Circuit Judges, _____________________ Selya, Cyr, Boudin, Stahl and Lynch, Circuit Judges. ______________ __________ ORDER OF COURT Entered: October 20, 1995 __________ The panel of judges that rendered the decision in this case having voted to deny the petition for rehearing submitted by the appellant and the suggestion for the holding of a rehearing en banc having been carefully considered by the judges of the court in regular active service and a majority of said judges not having voted to order that the appeal be heard or reheard by the court en banc. __ ____ It is ordered that a petition for rehearing and a suggestion for rehearing en banc be denied. __ ____ TORRUELLA, Chief Judge (Dissenting). I TORRUELLA, Chief Judge (Dissenting). ____________ believe the panel opinion in this case is contrary to the Supreme Court's decision in Ratzlaf v. United States, 114 S. Ct. 655 _______ _____________ (1994). I reach this conclusion for primarily two reasons. First, Ratzlaf held that in order to sustain a _______ conviction for "structuring" under 31 U.S.C. 5324(3) the government must prove that the defendant acted with knowledge that his conduct was unlawful. In my view, the clear implication, if not the plain language, of Ratzlaf precludes a _______ structuring conviction based on the "reckless disregard" theory utilized in this case. Second, in denying the petition, the majority virtually ignores the fact that our decision in United ______ States v. Aversa, 984 F.2d 493 (1st Cir. 1993) (en banc), which ______ ______ upheld a reckless disregard jury instruction, was vacated and remanded by the Supreme Court "for further consideration in light of" Ratzlaf. See Donovan v. United States, 114 S. Ct. 873 _______ ___ _______ ______________ (1994). Because the Court had just decided Ratzlaf, one would _______ think that if Aversa was consistent with that case the Court ______ would simply have denied the writ of certiorari. The most logical inference from this state of affairs is that the Court viewed our pre-Ratzlaf decision in Aversa as contrary to Ratzlaf, _______ ______ _______ and wanted to give us a chance to remedy it. We should do so. Because I believe the panel opinion misinterprets settled law, I dissent from the denial of the petition for rehearing or rehearing en banc. __ ____